UNITED STATES of America,
Appellee,

v.

Grant FOSTER, Appellant.

Grant FOSTER, Petitioner,

v.

Honorable Roszel C. THOMSEN, United States District Judge, and the United States District Court for the District of Maryland, Respondents.

Nos. 8378, 8460.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 23, 1961.

Decided Oct. 25, 1961.

Harold L. Ward and Walter Humkey, Miami (Sherwin P. Simmons and Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., on the brief), for appellant and petitioner.

Joseph D. Tydings, U. S. Atty., Baltimore, Md. (Arnold M. Weiner, Asst. U. S. Atty., Baltimore, Md., on the brief), for appellee and respondents.

Before SOBELOFF, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

Immediately after his arrest in Miami, Florida, on February 4, 1961, Grant Foster, an American citizen residing in Panama, posted a cash bail bond in the amount of $200,000.00. The bond was conditioned upon his appearance to answer an indictment filed in the United States District Court for the District of Maryland for violation of the Internal Revenue laws.[1] No objection to the amount of bail was made until April 21, 1961, when a petition was filed in the United States District Court for Maryland for a reduction. Seven days later, when the defendant was arraigned, the court held a hearing on the petition. Extensive arguments were made by counsel for the defendant as well as for the Government. The defendant was present in the courtroom, but no tender of any evidence was made on behalf of the defendant to show hardship or any

---

1. Count one of the indictment charged that the adjusted gross income of Foster and his wife for 1952 was $304,291.42, on which a tax of $230,959.47 was due, whereas their tax return showed an income of only $3,175.46 with $102.00 due in taxes. Count two charged that their adjusted joint income for 1953 was $104,337.29 with a tax of $58,459.48 due, whereas their return showed an adjusted gross income of only $3,331.91 with a tax of $132.00. Count three charged that Foster had a gross income during 1955 of $22,579.28, and count four charged that his gross income for 1956 was $9,570.80, for which two years Foster failed to file any tax return. Thus, for the years in question, Foster was charged with an adjusted gross income of $440,778.79 on which there was due a tax well in excess of $289,418.95. He has shown for the entire period only $6,507.37 in income, and $234.00 as taxes due.

facts bearing on the financial condition of the defendant. It was the Government's contention that the defendant, a resident of Panama, was the principal owner—it claimed he was in fact the sole owner—of a corporation which was engaged in road building in Central America. The corporation had in a bid for work represented itself to be worth $4,500,000.00. The Government further showed, and there was no substantial issue as to this, that the defendant had no close ties in the United States, and that the amount of taxes involved in the indictment exceeded $300,000. Apparently, while the defendant made occasional visits to the United States, he had no regular schedule for his visits and no place of business in this country.

■ The appeal here is from the District Court's refusal to reduce the amount of the bail. We find in these circumstances no basis for holding that the bond, as originally fixed, was excessive, or that the District Judge abused his discretion in later refusing to reduce it.

Before us, even though requested by the court, the defendant still failed to show any facutal basis for his charge of hardship in the amount of bail. Asked to explain why he failed for a period of nine months to apply to this court or to any judge thereof for lower bail, counsel for the defendant replied that since the bail question is concededly appealable, he preferred to reserve it as a vehicle to bring before this court for review at the same time other issues, such as were raised in his motions attacking the indictment as insufficient and barred by limitations and seeking transfer of the case to the Southern District of Florida. These issues are interlocutory in character and normally are not the subject of appeal before final judgment.

In addition to the appeal on the bail question, which is properly before us, the defendant filed a Petition for Writ of Prohibition or Mandamus to require the District Judge to order the transfer of the trial of the criminal case to the Southern District of Florida. The defendant's contention is that the motion for such transfer should have been granted under Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., or, in the alternative, under 18 U.S.C.A. § 3238.

■ By this strategy the defendant seeks to substitute another remedy for appeal, and to achieve an immediate review of interlocutory orders without awaiting final judgment as is required for an appeal. We are of the opinion, however, that the defendant may not maintain such a petition but must first stand trial, and may later renew his contentions in the course of an appeal to this court in the event of his conviction.

■ At this term of court we had occasion to say:

"Mandamus may not ordinarily be resorted to as a mode of review when a statutory method has been prescribed. The writ may not be used as a substitute for an appeal, and it may not be used as a means for obtaining review of an order of the trial court which is not appealable because it does not constitute a final determination of the case." Bartsch v. Clarke, No. 8456, decided by this court October 12, 1961, 293 F.2d 283, 285.

The order as to bail is affirmed; the appeal from the interlocutory order is dismissed, and the petition for prohibition or mandamus is denied.