**UNITED STATES of America**

v.

**Bobby BRONSON, Appellant.**

**No. 24334.**

United States Court of Appeals, District of Columbia Circuit.

Order Filed June 26, 1970.

Opinion Filed Aug. 11, 1970.

**538**

Mr. Leslie Scherr for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, and Brian W. Shaughnessy, Asst. U. S. Attys., for appellee.

Before LEVENTHAL and ROBINSON, Circuit Judges, in Chambers.

## PER CURIAM:[1]

The District of Columbia is privileged to have the Anacostia Naval Station located within its boundaries. Appellant Bobby Bronson, a native of Chicago, has been a seaman apprentice in the United States Navy for eleven months; he has served the last four months at the Anacostia base. Bronson has been arrested[2] for robbery in the District of Columbia. The robbery was committed at a time when appellant was on liberty from the base, there is no indication that the crime was service-connected, and, accordingly, appellant will be tried in a civil court rather than by court-martial.[3]

Immediately after appellant's arrest, the District of Columbia Bail Agency recommended against outright release on personal recognizance, but instead recommended release on the condition appropriate for "weak family ties", namely a custody release—in this instance the Military Police as third-party custodian. Thereafter, a judge of the Court of General Sessions conditioned pretrial release upon the execution of a $2000 bond with

---

1. This opinion sets forth the reasons why the court entered its order of June 26, 1970, which granted appellant pretrial release on conditions.

2. As of June 26, 1970 appellant had not yet been indicted.

3. O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

a solvent surety: the District Court left that condition intact but denied appellant's motion for release on personal recognizance. That order, which is the subject of this appeal, provided as follows:

> It appearing on oral argument on defendant's motion for release on personal recognizance heard June 5, 1970, and from consideration of the Bail Agency's report in connection with this case, that the defendant has limited family or community ties to the District of Columbia, and in light of the serious nature of the offense now pending against the defendant, and in light of the strength of the government's case, to wit identification [occurring] on the scene of the crime, it is
>
> ORDERED, that defendant's motion for release on personal recognizance is denied.

■ The cases of this court dealing with pretrial release in non-capital cases have firmly established the applicable principles: 1) The pertinent consideration is whether the appearance of the accused for trial may be reasonably assured. 2) The court must in each case seek the minimal non-financial conditions of release which will reasonably assure the presence of that particular defendant at trial. 3) The imposition of a money bond is proper only after all other non-financial conditions have been found inadequate for this purpose.[4]

The assessment of the likelihood that a defendant will appear for trial and the determination of the conditions needed to effectuate that appearance necessarily involve an attempt to predict future behavior on the basis of present information. Information on the accused's family and community ties, and on his employment record and past criminal record are generally given significant, even dominant, weight in making these determinations. This is in accordance with the legislative intent underlying the Bail Reform Act. "Family and community ties, a job, residence in the community, and the absence of a substantial criminal record, are factors more likely to assure the appearance of a person than the posting of bail."[5] The standard approach, indeed the routine forms, of the District of Columbia Bail Agency emphasizes these same factors.

■ However, these criteria, evolved for the ordinary civilian case, may not soundly be given crucial significance as a reason for denying relief to a serviceman stationed within the district, because of his limited family and community ties to the district. In the circumstances of this case, we find such an approach to be contrary to both the spirit of the Bail Reform Act[6] and the thrust of the Supreme Court decision in O'Callahan v. Parker.[7]

The Bail Reform Act contemplates that the search for conditions of release should be characterized by a recognition of the need for flexible and individualized conditions.[8] The fact that a serviceman cannot satisfy the general criteria evolved for bail cases, evolved in the setting of civilian defendants, may not be taken as a reason for overriding different, but equivalent, facts which strongly suggest that the serviceman would appear for trial if released. The papers before us indicate that this is appellant's first arrest, that the military police at the Anacostia Naval Station have agreed to act as third party custodian, that appellant's commanding officer has been apprised of the situation and has consented to retain the appellant should this court grant his application

---

4. *See e. g.*, United States v. Leathers, 134 U.S.App.D.C. 38, 412 F.2d 169 (1969).

5. S.Rep. No. 750, 89th Cong., 1st Sess. 1 (1965).

6. 18 U.S.C. § 3146 et seq. (Supp. V, 1965–69).

7. O'Callahan v. Parker, *supra*, Note 3.

8. "Non-financial conditions, our decisions have made clear, should be used flexibly, varying with the needs of the individual defendant." United States v. Leathers, *supra* note 4, 134 U.S.App.D.C. at 41, 412 F.2d at 172 [citations omitted].

for release, to have appellant rejoin the unit and resume his naval employment. Appellant's incentive to appear for trial, to avoid additional trouble with the Navy, is at least comparable to the incentive said to animate some defendants on money bond, to avoid embroilment with the long arm of the bail bondsman.

In O'Callahan v. Parker, *supra*, the Supreme Court held that civil jurisdiction over servicemen obtains when the crime is not service-connected and is committed in peacetime and within the territorial limits of the United States. Although the opinion of the court focused on the constitutional right of indictment by grand jury and of trial by jury, the transfer of jurisdiction from courts-martial to civil courts at the same time conferred the right to bail upon these servicemen, there being no military equivalent of bail.[9] To hold servicemen to standards of residency impossible of fulfillment renders the right to bail illusory. It places them on a less than equal footing with their civilian counterparts whose life style may evince less overall stability and it raises the question whether an unreasonable form of preventive detention is being imposed upon servicemen-defendants.

██ ██ In our view, a lack of close family and community ties is not an insurmountable obstacle to pretrial release; it presents a problem which may be overcome by the imposition of carefully chosen conditions. In the case of civilian defendants release may be available through the intercession of civilian institutional custodians, such as Bonabond and Offender Rehabilitation. We consider appellant's institutional ties to the District of Columbia an adequate substitute for those civilian associations which he lacks.

Our order granting pretrial release to appellant Bronson was conditioned upon his continued residence with his military unit and the designation of his unit commander as third-party custodian. We do not suggest that conditions of release for servicemen-defendants must draw exclusively from military sources. The judicial officer, is, of course, free to shape the available military custody in conformance with his mandate to seek the minimal conditions which may reasonably assure the accused's presence at trial.

The order issued by the court on June 26, 1970 is attached.

PER CURIAM.

ORDER

This appeal from an order of the United States District Court for the District of Columbia denying a motion for pre-trial release of appellant on personal recognizance, came on for consideration on the original record and memoranda of law and fact, submitted by the parties.

On consideration of the foregoing, it is

Ordered by the Court that the order of the District Court appealed from herein is reversed and this case is remanded to said Court with directions that appellant be admitted to bail upon his executing and filing a personal recognizance bond with the Clerk of the United States District Court for the District of Columbia. The aforesaid bond is to be signed by appellant for his appearance pursuant to Rule 46(d) of the Federal Rules of Criminal Procedure, and said bond is to be conditioned upon the following:

(1) Such release shall be subject to the provisions of Title 18 U.S. Code § 3150;

(2) Continued residence with his military unit;

(3) Third party custody with the defendant's unit commander, who has agreed to accept the defendant back into his unit and to make him availa-

---

9. United States ex rel. Watkins v. Vissering, 184 F.Supp. 529 (E.D.Va.1960); Weiner, Courts-Martial and The Bill of Rights: The Original Practice II, 72 Harv.L.Rev. 266, 296 (1958).

ble to the Court whenever the defendant is required to appear;

(4) The defendant shall not leave the metropolitan area of the District of Columbia without the permission of the United States District Court.