**UNITED STATES of America, Appellee,**
v.
**Gerald Franklin SMITH, Appellant.**

**UNITED STATES of America, Appellee,**
v.
**Dale Ray HALEY, Appellant.**
Nos. 71–1191, 71–1192.

United States Court of Appeals,
Eighth Circuit.
June 2, 1971.

Before MEHAFFY and GIBSON, Circuit Judges.

PER CURIAM.

The defendants, Smith and Haley, challenge the constitutionality of 18 U.S.C. § 3146, claiming that section is violative of the Eighth Amendment prohibition against excessive bail in that the restrictive requirements of § 3146 are in addition to the bail requirements.

The defendants cite no authority for this contention and we think the course of the common law in England and the development of the common law and statutory law in the United States demonstrate that the courts have the inherent power to place restrictive conditions upon the granting of bail.

Bail of course is ordered granted under Rule 46, Fed.R.Crim.P. in a noncapital case. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). The primary purpose of bail is to allow an accused person not yet tried to be free of restraint while at the same time insuring that person's presence at the pending court proceedings. Rule 46(a) (2), Fed.R.Crim.P. authorizes the revoking of bail. The present § 3146 of 18 U.S.C. is a codification of pre-existing statutory law and the common law amended in several respects to insure that no accused person should needlessly be detained pending court appearance or pending appeal "when detention serves neither the ends of justice nor the public interest." Bail Reform Act of 1966, § 2, Public Law 89–465.

While bail is favored and is granted in the ordinary course of events, an accused by his actions can forfeit the right to bail and the court is under a duty to protect its processes and to protect prospective witnesses. There has been no showing by defendants that § 3146 is in any way proscribed by the Eighth Amendment. The restrictive conditions of release outlined in § 3146 are for the purpose of reasonably assuring the presence of the accused for trial. Being in aid of the fundamental power of the court to call an accused to answer a criminal complaint and stand trial, the restrictive conditions are patently reasonable and not constitutionally offensive to the Eighth Amendment's prohibition against excessive bail.

Rule 9, FRAP, recognizes that bail may be refused under appropriate circumstances by authorizing an appeal from either a refusal of bail or from conditions imposed that prove onerous to the defendant. The district court in such cases must state in writing the reasons for refusing bail or for imposing conditions of release. The right to bail is thus not absolute but decisionally recognized and statutorily approved as being generally available in noncapital cases subject to denial in exceptional cases and subject to the imposition of reasonable conditions of release. Bail may be denied in the exceptional case. *See* Opinion in Chambers of Mr. Justice Douglas in Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962). We find no merit in the defendants' contentions.

The motions are denied.