**UNITED STATES of America**

v.

**Gabriel BOBROW, Appellant.**

**No. 72–1784.**

United States Court of Appeals, District of Columbia Circuit.

Order Sept. 1, 1972.

Opinion Sept. 13, 1972.

Reconsideration Denied Sept. 13, 1972.

Mr. Daniel G. Grove, Washington, D. C., was on the memorandum for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., and Messrs. John A. Terry, E. Lawrence Barcella, Jr., and Lawrence T. Bennett, Asst. U. S. Attys., were on the memorandum for appellee.

Before ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

■ After appellant's arrest for alleged violations of the Controlled Substances Act,[1] a United States Magistrate conditioned his release pending trial[2] upon the execution of a $100,000 surety bond.[3] Three days later, appellant was indicted in three counts charging possession, with intent to distribute, of a large quantity of narcotics.[4] Thereafter, on arraignment in the District Court, the bail bond was continued.

Appellant subsequently appeared before a District Judge for review of the conditions of pretrial release.[5] The judge first directed appellant's retention without bail but later the same day reinstated the Magistrate's determination. On appellant's application for further review, the judge, feeling "that there are no conditions of release which this Court can set which will insure his return,"[6] again ordered appellant held in custody unconditionally.[7] This appeal was taken from the latter order,[8] and we have authorized a conditional release. Our releasing order noted that this opinion would follow.

■ We need not consider whether an accused's pretrial release may be totally denied on the ground of a severe risk of flight, for in any event we think

1. Pub.L.No. 91–513, 84 Stat. 1242 (1970).

2. Since appellant is charged under a federal criminal statute having nationwide operation, his application for release must be considered under the provisions of the Bail Reform Act of 1966, Pub.L. No. 89–465, 80 Stat. 214 (1966), as amended, 18 U.S.C. § 3146 et seq. (1970). United States v. Thompson, 147 U.S.App.D.C. 7, 452 F.2d 1333 (1971).

3. See 18 U.S.C. § 3146(a)(4) (1970).

4. See 21 U.S.C. § 841(a) (1970). See also note 14, infra.

5. See 18 U.S.C. § 3147(a) (1970).

6. The judge summarized his bail ruling as follows:
   I will hold him without bond in view of the fact (1) that this man is an alien; (2) that he is under conviction for narcotics over in . . . the Eastern District of Virginia, . . . and . . . [(3) that] he is here charged with again a substantial narcotics violation, it is the feeling of this Court that there are no conditions of release which this Court can set which will insure his return.

7. On each appearance before the District Judge, appellant was offered a trial within a week. Appellant declined the offer because his chosen counsel was on vacation in Europe until well past then. As it is, trial is scheduled to begin presumably with chosen counsel, on October 2.

8. See 18 U.S.C. § 3147(b) (1970).

the conditions which we impose will be sufficient.[9] As the basis for his action, the District Judge explained [10] that appellant is an alien,[11] that he was recently convicted on another narcotic charge,[12] and that he is again charged with a substantial narcotic violation in the instant case.[13] Like the Magistrate and the District Judge, we recognize a high risk of flight incidental to appellant's enlargement.[14] The bond requirement set by the Magistrate, however, was designed to minimize that risk, and we find insufficient ground for upsetting the Magistrate's implicit determination that the risk was thus reduced to an acceptable level.

■■■ To be sure, financial conditions of release may be imposed only when nonfinancial conditions are inade-

9. We have amplied the appeal record with an investigative report on appellant from the District of Columbia Bail Agency. See D.C.Code §§ 23–1301 et seq. (Supp. V 1972). The Government's memorandum states that such a report was before the District Judge, but all we find in the record is a report merely informing the Magistrate that appellant has refused to be interviewed. Our procurement of the report was dictated by the need to maximize and update our information. See United States v. Stanley, —— U.S.App. D.C. ——, 469 F.2d 576 at 580, 582 (1972); D.C.Code § 23–1301(d) (Supp. V 1972).

10. See note 6, *supra*.

11. Appellant is a Polish subject but has resided in this area, for 30-odd years. Since 1969, he has been classified as an undesirable alien, but has not been deported seemingly because of an official policy not to deport to communist-controlled countries.

12. Appellant suffered a conviction under the Controlled Substances Act on July 26, 1972, in the United States District Court for the Eastern District of Virginia. Bail in that case has been fixed at $50,000 pending imposition of sentence.

Appellant is entitled to have bail fixed for the case at bar although he may be sentenced to imprisonment in consequence of his recent conviction, particularly since he might secure release pending an appeal thereof. United States v. Seegers, 139 U.S.App.D.C. 335, 336–338, 433 F.2d 493, 494–496 (1970); McCoy v. United States, 123 U.S.App.D.C. 81, 82, 357 F.2d 272, 273 (1966).

13. See note 14, *infra*.

14. When arrested in this case, appellant was driving an expensive car and had in his possession three-quarters of a pound of cocaine 30.9 percent pure, a quarter-pound of heroin 27.5 percent pure, and a quantity of marijuana. These drugs had an estimated street value in excess of $100,000. Appellant also had more than $4,000 in cash and a check for $1,700 payable to cash. A subsequent search of his place of employment uncovered a pound of marijuana, and paraphernalia commonly employed in testing the purity of narcotics and in preparing them for sale. These circumstances clearly indicate that appellant is a wholesaler of narcotics, with ample financial ability to flee.

Appellant's criminal record reveals considerable involvement with the law, including several past convictions for drug offenses. The record includes a past charge of fugitivity, and a bench warrant, issued in New York in 1965 for his arrest, may yet be outstanding. The Bail Agency had declined to recommend appellant's conditional release because he is awaiting sentence upon his recent narcotic convictions.

Appellant is admittedly an addict, and has twice been a patient at the Federal Narcotic Rehabilitation Hospital at Lexington, Kentucky. He now faces formidable sentences both in the Eastern District of Virginia, and in the District of Columbia should he be convicted. Since he is subject to the recidivist provisions of the Controlled Substances Act, 21 U.S. C. § 841(b)(1)(A) (1970), maximum sentences of 30 years in prison and a $50,000 fine or both, can be imposed in each case, 21 U.S.C. § 841(b)(1)(A) (1970).

We are mindful of factors that might militate against flight. Appellant has long resided in this area although his address just prior to his last arrest could not be verified. His parents, his two sons and two brothers, also reside here, but the strength of his family ties may be questioned by the fact that one son and one brother did not know his pre-arrest address either. He seemingly could return to his previous employment at a substantial salary. He apparently appeared as required in two prior criminal trials, albeit at times when he was not confronted with the possibility of 60 years in prison. On balance, however, all circumstances considered, appellant is a poor bail risk by any realistic measure.

quate,[15] and money bail cannot stand when excessive.[16] But we perceive, in the unwonted circumstances here,[17] no basis for disturbing the determinations [18] that a $100,000 bond is reasonably necessary to assure appellant's appearance in subsequent proceedings as required.[19] Our order has accordingly authorized appellant's release pending trial upon the execution of a bail bond in that amount with approved corporate surety.[20]

15. United States v. Bronson, 139 U.S. App.D.C. 379, 381, 433 F.2d 537, 539 (1970); United States v. Leathers, 134 U.S.App.D.C. 38, 412 F.2d 169, 171 (1969); Wood v. United States, 129 U.S. App.D.C. 143, 146, 391 F.2d 981, 984 (1968).

16. U.S.Const. amend. VIII. The test of excessiveness is whether it is set higher than an amount reasonably calculated to adequately assure that the accused will appear when his presence is required. Stack v. Boyle, 342 U.S. 1, 4–5, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

17. See note 14, *supra.*

18. The Magistrate set the $100,000 bond originally. The District Judge, on review of the bond condition, at one time sustained it, though at other times, he refused any bail.

19. We are required to affirm the "order . . . appealed" in situations where "it is supported by the proceedings below." 18 U.S.C. § 3147(b) (1970). See also Allen v. United States, 128 U.S.App. D.C. 207, 209, 386 F.2d 634, 636 (1967). Here the order appealed would confine appellant without bail, as distinguished from the District Judge's earlier ruling conditioning release on the posting of the $100,000 bond. Notwithstanding this difference, we think the underlying legislative policy—which restricts our function in pretrial release cases essentially to appellate review—cautions us to weigh an earlier bail determination by that standard in situations where a later determination is unacceptable. Cf. Brown v. United States, 392 F.2d 189, 190 (5th Cir. 1968), cert. denied, 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969).

20. See 18 U.S.C. § 3147(b) (1970). Compare United States v. Dioguardi, 237 F.2d 57 (2d Cir. 1956); United States v. Foster, 296 F.2d 249, 251 (4th Cir. 1961); Meltzer v. United States, 188 F. 2d 913, 916 (9th Cir. 1951); United States v. Van Caester, 319 F.Supp. 1297, 1299 (S.D.Fla.1970).