**UNITED STATES of America,
Appellee,**

v.

**James Edward EDSON, Defendant-
Appellant.**

**No. 73–1323.**

United States Court of Appeals,
First Circuit.

Argued Oct. 16, 1973.

Decided Oct. 23, 1973.

Joseph F. Flynn, Rockland, Mass., for defendant-appellant.

Henry H. Hammond, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Defendant appeals from an order of the district court setting bail pending trial. The facts are somewhat unusual. On March 1, 1972 defendant was convicted upon a plea of guilty of possessing heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Following indictment, defendant had been incarcerated because of his inability to supply bail set by the court in the amount of $25,000 with surety. On his plea he was sentenced to eight years imprisonment with the additional parole term provided by 21 U.S.C. § 841(b)(1)(A), with credit for time served. On September 24, 1973 the judgment of conviction was vacated because the sentencing judge had failed to comply with F.R.Crim.P. 11.[1] Defendant was then brought before a magistrate for a determination of bail.

At this time defendant had served twenty-five months, and, taking into account good time credits, would have been eligible for parole in seven months. We are informed that because of his good prison record he had been granted three "furloughs" and would have been allowed to attend classes at a local university which had accepted him for the current semester.

The magistrate recommended that bail be set again at $25,000 with surety. This recommendation was "adopted and approved" the same day by the district court without evidentiary or other hearing. There is no contradiction of defendant's claim that he is unable to comply. Defendant is twenty-four years old and unemployed and has no demonstrated resources, nor have his parents. The undisputed effect of this order is that defendant not only remains incarcerated, but, ironically, unlike the situation when he stood convicted, he is no longer entitled to furloughs or to attend school.

Passing the diminished strength that we are disposed to accord to district court findings that merely adopt, without even opportunity for a hearing, the report of a magistrate,[2] the defendant has a considerable burden on appeal. However, in view of the substantial errors contained in the magistrate's memorandum, we proposed under the special circumstances of this case to exercise the authority vested in us by virtue of the Bail Reform Act, 18 U.S.C.

---

1. Uncomfortable as it may be for the U. S. Attorney, particularly in the case of a judge who persists over the years in not observing this rule, we place some burden upon him, at least to call the court's attention at the time to the oversight (not the judge from whom the present appeal is taken.)

2. Under F.R.A.P. 9(a) the district court should have stated its "reasons." We do not remand in this instance to ascertain whether it agreed in the magistrate's reasoning because of our decision to consider the matter de novo.

§ 3147(b), and order our own bail conditions.

■■ The magistrate's finding commences, after reciting the procedural history, with a statement that he proposed to disregard the fact that two jail officers had supplied letters expressing their opinion that defendant was sufficiently rehabilitated to resume the responsibilities of living in a free society. He considered the previous sentence to have been awarded not for rehabilitation, but for "punishment . . . not yet complete." Defendant argues from this last that the magistrate was disregarding the presumption of innocence which was fully restored by the setting aside of his conviction. We agree, except that so far as bail is concerned the presumption is not that, but, as to an untried defendant, a "presumption in favor of releasability." United States v. Leathers, 1969, 134 U.S.App.D.C. 38, 412 F.2d 169, 171. We add that, rather than being "of no consequence," the opinions of the jail officials had a direct bearing upon defendant's "character and mental condition," as to which the magistrate was specifically directed to inquire. 18 U.S.C. § 3146(b).

Next, the magistrate drew the conclusion that following another trial the defendant would receive "no less a sentence." He omitted, however, any consideration of the fact that against such a sentence defendant would receive substantial credit for time already served, making the situation quite different from what it was when bail was originally set.

The magistrate then pointed to the fact that the defendant had received two sentences in the state court for similar offenses, but which had been suspended, with probation, very possibly on the ground that defendant was already serving a federal sentence. He opined that to release defendant under these circumstances would be "a slap in the face of the state court." We have no reason to suppose that the state court would be affronted or would expect the magistrate to do other than his duty. In any event, this court holds no possible obligation to the state court at the expense of defendant's federal rights. It should be unthinkable that a magistrate would disregard the clear command of Congress because of its indirect effect upon the feelings of judges of another court.

■ The seriousness of the crime of distributing narcotics may have distracted the magistrate's attention from the priorities established by Congress by the Bail Reform Act. Until a defendant has been convicted, the nature of the offense, as well as the evidence of guilt, is to be considered only in terms of the likelihood of his making himself unavailable for trial. Determination of what is needed "reasonably [to] assure" defendant's appearance, not considerations of state comity, controls the setting of bail under the Bail Reform Act.

This defendant, as a practical matter, may well face less than one year in jail. If he were to default, even on personal recognizance, he faces an additional federal sentence. What might seem even more pressing, while conviction of the original offense would not be a violation of his state probation, defaulting even federal bail presumably would be such. Hence defendant would face, in addition, a reactivation of his state sentences. As against this, no affirmative reason has been offered why defendant is likely to flee the state where all his past and present connections appear to be.

Under these circumstances we cannot feel that the government, quite apart from the commendation defendant has earned during his present incarceration, has met the burden now imposed on it by the Bail Reform Act of showing that defendant would violate any bail order that we presently impose. The order setting bail at $25,000 with surety is vacated. The case is remanded forthwith to the district court with instructions to set bail at $5,000 without surety, and to release the defendant in the custody of his mother, who has indicated a willingness to assume such.