**UNITED STATES of America, Appellee,**

v.

**Alan Herbert ABRAHAMS, a/k/a James A. Carr, Defendant-Appellant.**

**No. 78–1131.**

United States Court of Appeals, First Circuit.

Submitted April 6, 1978.

Decided April 19, 1978.

---

**4**

Harvey Brower, Revere, Mass., on petition for bail and memorandum in support thereof, for defendant-appellant.

Edward F. Harrington, U. S. Atty., and Michael A. Collora, Asst. U. S. Atty., Boston, Mass., on memorandum in opposition thereto, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

In this case we review an order of the district court denying bail to defendant pending trial. Defendant has been indicted on one count for violation of 18 U.S.C. § 1001, which carries a maximum sentence of five years and/or a fine of $10,000.

The facts leading up to the district court's order are significant. The defendant was arrested on January 10, 1978, outside his home in Marblehead, Massachusetts, pursuant to a warrant issued by a federal judge of the Western District of Michigan. United States Magistrate Pierce, after a preliminary hearing at which defendant and his counsel were present, fixed bail at $100,000 surety bond and set January 18, 1978, as the date for the removal hearing pursuant to Fed.R.Crim.P. 40(b). Defendant posted bail and was released. He failed to appear on January 18, 1978, for the removal hearing. He was arrested on January 25, 1978, in Tarpon Springs, Florida, registered at a motel under the name of "Barrett."

Defendant was arraigned on February 16, 1978, before United States Magistrate Cohen on the charge of violation of 18 U.S.C. § 1001. At the arraignment, the government took the position that the defendant should be held without bail and brought the following facts, none of which were contested, to the magistrate's attention:

(1) Defendant had three previous convictions in both federal and state courts.

(2) Defendant was an escaped state prisoner from New Jersey.

(3) Defendant had given false information at the previous bail hearing on January 10, 1978; he falsely stated his name was Carr and denied that he had ever previously been arrested or convicted of a crime.

(4) Defendant had failed to appear on January 18, 1978, as ordered by Magistrate Pierce.

(5) Defendant, using the name Layne, had failed to appear in a California case and was a fugitive from the courts of that state.

(6) Defendant had used several aliases in the past.

(7) Defendant had transferred 1.5 million dollars to Bermuda in 1976 and 1977.

Magistrate Cohen ordered defendant held without bail finding: "His past record suggests to me that if given the opportunity he would flee. The risk of flight is immeasurable in this case. . . ."

Defendant then brought a motion in the district court asking that he be admitted to bail.[1] 18 U.S.C. § 3147.

The district court held an evidentiary hearing at which defendant, through his counsel, waived his right to be present. Six witnesses were called on defendant's behalf. The district judge in his comprehensive

---

1. It is immaterial now that the defendant did not follow the procedure required under 18 U.S.C. § 3146(d).

opinion made specific findings. He noted that the defendant is at the present time facing a plethora of criminal charges: escape from a New Jersey penal institution, probation violation in the United States District Court for the Southern District of New York, criminal contempt in the United States District Court for the Western District of Michigan, and the one pending in the District of Massachusetts. Counsel for defendant conceded at the hearing that defendant was being held without bail in connection with the charges in the Southern District of New York and Western Michigan. The district judge was not impressed either by the testimony of defendant's witnesses or their credibility. He was impressed by the past record of defendant's acts and deeds. After setting forth the requirements of 18 U.S.C. § 3146(a), the district court found:

> In view of the record of defendant's jail escape in New Jersey, his defaulting on a $100,000 cash bond in this Court, and his proclivity for living in different parts of this country, Canada and the Bahamas under multiple fictitious names, as well as the pendency of revocation of probation proceedings and contempt proceedings against him in Federal District Courts in New York and Michigan, his serious legal problems with the State of New Jersey because of the jail escape, and his exposure to a maximum sentence in the instant case of a fine of not more than $10,000 and imprisonment for not more than five years, or both, I find and rule, in the exercise of my statutory discretion, that none of the five conditions spelled out in 18 U.S.C.A. § 3146(a), or any combination thereof, will reasonably assure the appearance of defendant for trial if admitted to bail. Consequently, the motion to establish bail is denied.

The facts before us are the findings of the district court and the factors considered by Magistrate Cohen. We agree with the district judge that defendant's past record and his life style, i. e., the frequent use of aliases with no permanent residence, would lead a reasonable man to predict that bail would not result in his appearance at trial.[2] In addition, there is the uncontradicted assertion by the government that defendant has transferred $1,500,000 to Bermuda. All signs point to flight as soon as possible to avoid prosecution.

The issue then, which is one of first impression as far as we can determine, is whether, under these circumstances, defendant is entitled to bail as a matter of right prior to trial.

Our inquiry starts first with the Constitution. The eighth amendment proscribes excessive bail, but it does not mandate that a defendant be allowed bail in all cases. In *Carlson, et al. v. Landon*, 342 U.S. 524, 545–546, 72 S.Ct. 525, 537, 96 L.Ed. 547 (1952), the Supreme Court held:

> The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. Indeed, the very language of the Amendment fails to say all arrests must be bailable. We think, clearly, here that the Eighth Amendment does not require that bail be allowed under the circumstances of these cases.

*Carlson* was decided subsequent to *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), in which the Court held that bail had not been fixed by proper methods. During the course of its opinion, the Court stated:

---

2. Bail in an unreasonable and excessive amount is, of course, tantamount to the denial· of any bail.

From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that a person arrested for a non-capital offense *shall* be admitted to bail. *Id.* at 4, 72 S.Ct. at 3.

Rule 46(a) now reads as follows:

Eligibility for release prior to trial shall be in accordance with 18 U.S.C. § 3146, § 3148, or § 3149.

We, therefore, turn to 18 U.S.C. § 3146(a) and (b).[3]

The statute clearly carries a strong presumption in favor of releasing a defendant on his personal recognizance or an unsecured appearance bond. Bail is one of the least preferred methods for assuring the defendant's appearance at trial. This is in contrast to 18 U.S.C. § 3148 relating to capital cases and post conviction release which expressly provides for detention if flight or danger to any other person or the community exists.[4] 18 U.S.C. § 3146, how-ever, does not state anywhere that a defendant has an absolute right to bail pending trial. The statute is keyed to assuring the appearance of the defendant at trial. Paragraph 5 of section (a) provides that the judicial officer may "impose any other condition deemed reasonably necessary to assure appearance as required, . . ."

In our review of the cases that have considered similar and related questions under the statute, we have been unable to find one that holds directly that a defendant has an absolute right to bail pending trial regardless of the circumstances. In *United States v. Wind*, 527 F.2d 672 (6th Cir. 1975), the defendant had stated he would post a million dollar bond, would flee and no one would testify against him. The court held, citing *United States v. Gilbert*, 138 U.S.App.D.C. 59, 425 F.2d 490 (1969), that the trial court had the inherent power to revoke defendant's bail during trial. In *Gilbert*, the court said: "We are satisfied

---

**3.** (a) Any person charged with an offense, other than an offense punishable by death, shall, at his appearance before a judicial officer, be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the person as required. When such a determination is made, the judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions:

(1) place the person in the custody of a designated person or organization agreeing to supervise him;

(2) place restrictions on the travel, association, or place of abode of the person during the period of release;

(3) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond, such deposit to be returned upon the performance of the conditions of release;

(4) require the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; or

(5) *impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.*

(b) In determining which conditions of release will reasonably assure appearance, the judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

**4.** 18 U.S.C. § 3148:

A person (1) who is charged with an offense punishable by death, or (2) who has been convicted of an offense and is either awaiting sentence or sentence review under section 3576 of this title or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained.

that courts have the inherent power to confine the defendant in order to protect future witnesses at the pretrial stage as well as during trial." *Id.* 138 U.S.App.D.C. at 60, 425 F.2d at 491–492. *Wind* was held inapplicable by the same circuit in a subsequent case in which it reversed a pretrial no bail detention order against a defendant charged with mailing a letter threatening the life of the President. The court noted: "The appellant in the present case has neither threatened witnesses nor, on the record before us, taken any steps or made any threats that would hazard an orderly trial on the date now scheduled, November 17, 1976." *United States v. Bigelow*, 544 F.2d 904, 908 (6th Cir. 1976).

The Second Circuit in *Gavino v. Mac-Mahon*, 499 F.2d 1191, (2d Cir. 1974), used the following language in setting aside a no bail pretrial detention order:

> The Bail Reform Act, 18 U.S.C. § 3146, et seq., like its predecessor, Rule 46(a)(1), F.R.Cr.P., guarantees that in a noncapital case the defendant will have the pretrial right to release on bail except in *extreme and unusual circumstances*, e. g., where threats to a government witness would jeopardize the court's own processes . . . . (emphasis ours)

In the course of its opinion, the court referred to an earlier case, *United States v. Bentvena*, 288 F.2d 442, 444 (2d Cir. 1961), in which it had stated: "Thus, until trial commences, enlargement on bail is the rule, *upon adequate assurance that the accused will appear at trial.*" (emphasis ours)

This Circuit in *United States v. Edson*, 487 F.2d 370 (1st Cir. 1973), set aside as excessive a $25,000 surety bond and held that the government had not met its burden of "showing that defendant would violate any bail order that we presently imposed." *Id.* at 372. We stated in considering the Bail Reform Act:

> Until a defendant has been convicted, the nature of the offense, as well as the evidence of guilt, is to be considered only in terms of the likelihood of his making himself unavailable for trial. Determination of what is needed "reasonably [to]

assure" defendant's appearance, not considerations of state comity, controls the setting of bail under the Bail Reform Act. *Id.* at 372.

The District of Columbia Circuit has come close to holding that bail is an absolute right prior to trial, but it has not yet, at least, taken that position. In *United States v. Leathers*, 134 U.S.App.D.C. 38, 39, 412 F.2d 169, 170 (1969), the court stated: "The Bail Reform Act specifies mandatorily that conditions of pretrial release be set for defendants accused of noncapital offenses." Its holding, however, was narrow and restricted:

> Because we find that in the two cases before us sufficient attention has not been given toward fashioning programs of release based upon nonfinancial restrictions rather than unreachable money bonds, we remand these cases to the District Court for consideration of those minimal nonfinancial conditions of release which will *"assure the appearance of the person as required."* (emphasis ours) *Id.* 134 U.S.App.D.C. at 42, 412 F.2d at 173.

In *United States v. Bobrow*, 152 U.S.App. D.C. 20, 468 F.2d 124 (1972), the court weighed carefully the risk of defendant's flight before trial in setting aside the district court's order of detention without bail and reinstating the magistrate's order of the posting of a $100,000 surety bond. In *United States v. Cook*, 134 U.S.App.D.C. 1, 442 F.2d 723 (1970), the court in remanding for consideration of a $100,000 surety bond stated:

> Clearly the magnitude of the offenses and appellant's loose ties to the community call for a very substantial bond, but we feel that the court that decides this matter is entitled to consider appellant's suggestion on the size of the bond. *We realize that this may well prove in the judgment of the trial court to be an insufficient amount in view of the severity of the offense, in which event appellant will be confined until trial.* (emphasis ours) *Id.* 134 U.S.App.D.C. at 3, 442 F.2d at 725

The Eighth Circuit has held that there is no absolute right to release on bail prior to or during trial. *United States v. Kirk*, 534 F.2d 1262, 1281 (8th Cir. 1976), citing *United States v. Smith*, 444 F.2d 61 (8th Cir. 1971). The reasoning in *Smith* is instructive.

Rule 9, FRAP, recognizes that bail may be refused under appropriate circumstances by authorizing an appeal from either a refusal of bail or from conditions imposed that prove onerous to the defendant. The district court in such cases must state in writing the reasons for refusing bail or for imposing conditions of release. The right to bail is thus not absolute but decisionally recognized and statutorily approved as being generally available in noncapital cases subject to denial in exceptional cases and subject to the imposition of reasonable conditions of release. Bail may be denied in the exceptional case. *Id.* at 62.

The situation here fits almost exactly the example stated by Judge Frankel in *United States v. Melville*, 306 F.Supp. 124, 127 (S.D.N.Y.1969):

> While the statute, § 3146(a), does not say this in so many words, it has been thought generally that there are cases in which no workable set of conditions can supply the requisite reasonable assurance of appearance for trial. To state, the extreme case, which is not a hypothetical, the strong presumption favoring release may disappear for a defendant charged with a grave offense, with powerful evidence against him, who lacks family ties or employment or resources or any roots in the community, and is possessed of a poor record for fidelity to court engagements. Such a defendant may have to stay in jail pending a trial to be brought on with utmost possible speed.

The record before us depicts a man who has lived a life of subterfuge, deceit and cunning. He is an escaped felon. He did not hesitate to flee to Florida and forfeit $100,000 to avoid the removal hearing. There is nothing in the record that suggests that bail will result in his appearance at trial. Every indication is to the contrary. This is the rare case of extreme and unusual circumstances that justifies pretrial detention without bail.

*The order of the district court is affirmed.*