UNITED STATES of America,
Plaintiff, Appellee,

v.

Kenneth SCHIAVO and Gennaro Farina,
Defendants, Appellants.

No. 78–1481.

United States Court of Appeals,
First Circuit.

Argued Nov. 13, 1978.

Decided Nov. 15, 1978.

Scott E. Shteir, Brookline, Mass., with whom Richard J. Vita, Dorchester, Mass., was on memorandum for appellants.

Robert B. Collings, First Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on memorandum for appellee.

Before ALDRICH, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

In view of a legal error committed during the trial, the district court "conditionally" granted defendants' motions to vacate sentence, stating, "if the government does not move for new trials within 90 days, petitioners . . . shall be discharged from federal custody on this judgment." There-

after the district court denied defendants' motions for release on bail pending their retrial or unconditional discharge. Appellants appeal from the denial of bail.

 We are of the opinion that the court erred in denying bail. The question before it was not one of imposing bail pending appeal, as the court may have believed, but rather was comparable to the situation that exists prior to a trial. The standards of 18 U.S.C. § 3146, with its "presumption in favor of releasability," apply. *United States v. Edson*, 487 F.2d 370, 372 (1st Cir. 1973). Only in the rarest of circumstances, *see United States v. Abrahams*, 575 F.2d 3 (1st Cir.), *cert. denied*, —— U.S. ——, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978), can bail be denied altogether in cases governed by § 3146.

It is true that the district court worded its order vacating the sentence so that vacation would occur, at the earliest, 90 days later, and then only if a new trial were not sought.[1] Given, however, the court's underlying determination of error requiring a new trial, the availability of bail in the federal court was controlled by our decision in *Edson*, and thus by § 3146, whatever the format of the order.

We also recognize the existence of other sentences, handed down in an unrelated case, to run on and after those in the present case. But the fact of the on and after sentences can provide no independent justification for holding appellants without bail.[2] Each of the appellants has been incarcerated for a period of time well beyond the length of the on and after sentences. Unless reconvicted, they have no time left to serve, since the time already served must be credited against the on and after sentences.

The matter must be remanded with directions that the district court forthwith set conditions of release consistent with 18 U.S.C. § 3146. In setting such conditions the court may exercise its judgment, subject to the provisions of § 3146, as to what

is reasonably required to assure appearance at trial.

*Vacated and remanded.*

---

1. The government has since moved for a retrial.

2. This is not to say that the district court may not take account of the nature of the offense for which those sentences were imposed in determining the amount and conditions of bail.