**UNITED STATES of America, Plaintiff,**

v.

**Joseph Diego RAMIREZ, Defendant.**

**Nos. Cr. 3–84–47, Cr. 3–84–85.**

United States District Court,
D. Minnesota, Third Division.

Aug. 28, 1984.

## FINDINGS AND ORDER DENYING RELEASE AS REQUIRED BY 18 U.S.C. § 3146, FRAP 9(a)

DEVITT, District Judge.

After having his previous release bond revoked for violation of it, defendant, charged with drug and income tax violations, moves again for release from custody.

Pre-trial release of persons charged with crime is governed by 18 U.S.C. §§ 3146, 3147. Section 3146(b) sets out the factors to be considered by the court in denying, or fixing conditions of, release from custody. It directs the court to consider

* * * the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

As a result of bail hearings on August 3, 8 and 22, 1984 and information then made available, the record in these cases now shows, and the court finds that:

1. Defendant is charged with serious income tax and drug violations involving the importation of 397 pounds of cocaine from the Caribbean area and is exposed to a possible 50 years imprisonment and $90,-000 in fines.

2. Evidence against defendant is weighty as shown by court transcripts in cases of associates in related trials. *U.S. v. Schmidt,* Cr. 3–84–46, *U.S. v. Davis,* Cr. 5–83–7. The court heard the evidence in

the *Schmidt* case. The relevant evidence involving defendant in the *Schmidt* and *Davis* cases is, by reference, made a part of these findings.

3. Defendant leads a transitory life, has no discernible place of actual personal residence, has wardrobes in several places, including Florida and California, and has no family ties in this district.

4. Defendant has chosen not to disclose his employment or financial resources.

5. Defendant's life style and actions reflect the life of a person of substantial wealth as shown by his very large financial gifts and use of currency and cash in inordinately large amounts.

6. There is no showing that defendant has any legitimate gainful employment.

7. Defendant recently has been divesting himself of his assets including several aircraft, automobiles and real estate.

8. Defendant is an experienced pilot, owns or controls several aircraft, speaks fluent Spanish and his passport and other information reflect recent extensive foreign travel to Jamaica, the Bahamas, South America and elsewhere.

9. Defendant has used over fifteen aliases and has represented his source of income to be, among other things, as a CIA agent, a medical doctor, a professional tennis player, and as the owner of a computer business. These representations are false.

10. Defendant has encouraged persons related to this case not to cooperate with the government investigation of it and told them to take the Fifth Amendment if called to testify and offered to provide an attorney for more than ten people subpoenaed before the Grand Jury.

11. In the past, defendant
(a) has been fined for violation of United States Customs laws (19 U.S.C. §§ 1433, 1436) governing entry into the United States of planes from foreign countries.
(b) avoided apprehension by F.B.I. agents in 1979–80, knowing he was on the F.B.I. Fugitive List, in connection with a federal charge against him for possession of a stolen aircraft.
(c) had his bond revoked and was returned to custody in this case on August 8, 1984 for violation of the terms of his release on a $200,000 appearance bond under 18 U.S.C. § 3146(a)(3).

12. Defendant testified under oath before the court on August 8, 1984 and the court found his testimony not credible and his promises to appear for trial not worthy of belief.

On the basis of these findings and the reasonable inferences to be drawn from them, the court concludes that release of defendant on his personal recognizance or upon the execution of an unsecured appearance bond or upon any combination of the statutory conditions set out in 18 U.S.C. § 3146(a)(1) thru (5) will not reasonably assure his appearance for trial.

■■■ There is no absolute right to pretrial release on bail. *U.S. v. Kirk*, 534 F.2d 1262, 1181 (8th Cir.1976), *U.S. v. Smith*, 444 F.2d 61 (8th Cir.1971). *See Carbo v. U.S.*, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962). While the law favors release on bail where presence of the defendant may thus be assured, it may be denied in exceptional cases, like this one, where defendant's presence at trial cannot otherwise be assured. *U.S. v. Smith, supra; U.S. v. Abrahams*, 575 F.2d 3 (1st Cir.1978). This is a case like *Abrahams* where no workable set of conditions can supply the requisite reasonable assurance of appearance. *See also U.S. v. Melville*, 306 F.Supp. 124 (S.D. N.Y.1969).

This case is exceptional for the many reasons set out in the findings but particularly because the court is well acquainted with the weight of the pertinent evidence involving defendant as presented in the related trials of defendant's associates in the *Schmidt* and *Davis* cases, and because the court observed the demeanor of, and was able to judge the credibility of, defendant when he testified at some length at the

bail hearing and found him unworthy of belief.

A principal criterion for granting or denying bail is the risk of flight. *U.S. v. Stanley,* 469 F.2d 576, 580–81 (D.C.Cir. 1972); *U.S. v. Miranda,* 442 F.Supp. 786, 789 (S.D.Fla.1977). The court is fully satisfied that the risk of flight here is very great. The defendant has every reason to flee to avoid trial and little reason not to do so.

The facts stated in these findings are from the records made at the bail hearings and from information submitted in connection with them. These expressions are in response to the requirements of the law and of Rule 9(a) of the Federal Rules of Appellate Procedure.

Defendant's motion for release on bail is DENIED. Trial is set for the earliest date agreeable to counsel and not later than September 24, 1984.