**UNITED STATES of America, Plaintiff,**

v.

**John J. BADGER, Defendant.**

**No. CR 85–704 WJR.**

United States District Court,
C.D. California.

May 11, 1989.

Edward M. Robbins, Jr., Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

Harriett Leyva, O'Neill & Lysaght, Santa Monica, Cal., for defendant.

### MEMORANDUM ORDER

REA, District Judge.

This matter comes before the Court on an Order To Show Cause Re: Exoneration Of Bond. The Court, having considered the papers filed in response thereto and having heard oral argument,

IT IS HEREBY ORDERED that the Clerk pay over the bond proceeds to Capital Tracing, Inc., or its authorized representative, at 9:00 a.m. on May 18, 1989, in the Clerk's Office.

In July of 1985, a United States Magistrate approved as a condition for the bailed release of defendant John Badger the posting of a $100,000 cash bond. This amount, in the form of a cashier's check drawn by Capital Tracing Inc., was deposited with

the District Court Clerk.* Defendant Badger was found guilty of six fraud-related offenses, and was subsequently sentenced to three years' imprisonment. After his conviction was affirmed on appeal, Mr. Badger surrendered himself to the United States Marshal. The Court then ordered exoneration of the bond. *See* Minute Order dated October 24, 1988.

The Internal Revenue Service, however, objected to exoneration. It appears that shortly after the bond was posted the IRS served the District Court Clerk with a Notice of Levy pursuant to 26 U.S.C. Sec. 6331. This section provides, in pertinent part:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

In this case, the IRS assessed upon Mr. Badger a tax obligation far exceeding $100,000; thus, the Service demanded that the Clerk relinquish to it Mr. Badger's appearance bond. Faced with these competing claims, the Clerk referred the matter to this Court.

 The Government argues that, in view of Sec. 6331's broad language, the Court should order the Clerk to pay the bond over to the IRS, thereby leaving the parties to assert their claims administratively. The Court disagrees. Supervision over the bail system lies within the inherent power of a court to call an accused to answer a criminal complaint and stand trial. *See United States v. Smith,* 444 F.2d 61, 62 (8th Cir.1971), *cert. denied sub nom., Haley v. United States,* 405 U.S. 977, 92 S.Ct. 1205, 31 L.Ed.2d 253 (1972); *see also United States v. Zylstra,* 713 F.2d 1332, 1337 (7th Cir.), *cert. denied,* 464 U.S. 965, 104 S.Ct. 403, 78 L.Ed.2d 344 (1983). If the IRS is permitted to levy wholesale upon bail bonds, what incentive remains for the defendant to appear for trial? Certainly not the mere threat of criminal liability since, by hypothesis, the defendant required the threat of financial loss as an additional incentive to appear. *See* 18 U.S. C. Sec. 3142. It also seems somewhat inequitable for the Court to condition Mr. Badger's release on the deposit of a refundable bail bond, only to turn the money over to the IRS upon his surrender.

Essentially the IRS seeks to enlist the Court (and its inherent bail powers) as a quasi-collection agency under the purview of the Executive branch. Although protecting the public fisc is undoubtedly a worthy cause, it is the Court's opinion that the IRS' levy "impermissibly threatens the institutional integrity of the Judicial Branch." *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Therefore, the Court interprets Sec. 6331 not to apply to the instant situation.

---

* Capital Tracing Inc. is a publicly held corporation owned in part by Mr. Badger. The parties vigorously dispute the extent to which the amount paid represents the defendant's property. In view of the Court's holding today, resolution of this factual inquiry is unnecessary.