OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 4, 2000

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0215

Re: Whether a magistrate may require a bailable criminal defendant to satisfy a "split bond" (part personal bond, part bail bond backed by a surety), and related question (RQ-0159-JC)

Dear Ms. Reed:

You ask whether a magistrate may require a bailable criminal defendant to satisfy a "split bond," that is, part personal bond "supervised by a local pre-trial services office" and part secured bail bond backed by a surety. Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Attorney General John Cornyn (Dec. 13, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. If Texas law permits a split bond, you ask whether a local pretrial services office may collect a bond fee. We conclude that a magistrate may not impose a split bond. We do not answer your second question because it assumes that a split bond may be permissible under State law, *see id.*, and we conclude that it is not.

You describe a split bond as having "a portion of the bond amount designated [by the magistrate] a personal bond supervised by a local pre-trial services office, and . . . the remaining portion of the bond amount [is] a secured bail bond backed by a surety." *Id.* Thus, in a split-bond scenario, a bailable defendant is released upon his or her personal bond as well as remittance of a bail bond secured by a surety. This description apparently forecloses the possibility that a defendant may fulfill the bail bond portion of a split bond by making a cash deposit. A court must allow a defendant, "upon execution of [a] bail bond," to deposit with the court's custodian of funds "current money of the United States in the amount of the bond in lieu of having sureties signing the same." TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977). Consequently, a court may not require a defendant to post a bail bond secured by a surety, thereby foreclosing the possibility that the defendant may provide a cash deposit. For this reason, we use the term "split bond" in this opinion to refer to a bond that is part personal bond and part bail, either a bond backed by a surety or a cash deposit.

A magistrate temporarily may release a bailable criminal defendant upon receiving "security given by the accused that he [or she] will appear and answer before the proper court the accusation brought against him" or her. TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 1977); *see* TEX. CONST. art. I, §§ 11, 11a (providing authority for denying bail); GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE & PROCEDURE §§ 16.91, .92 (40 Texas Practice 1995 & Supp. 1999) [hereinafter "DIX & DAWSON"] (stating that where constitution does not authorize denial

of bail, trial court lacks authority to deny bail). This security is called "bail" and may include a cash deposit, a bail bond, or a personal bond. TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 1977).

A bail bond may be secured by sureties or by a cash deposit:

> A "bail bond" is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court.

TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977); *see id.* art. 17.08 (Vernon Supp. 2000) (setting bail-bond requirements). A court has considerable discretion in determining the amount of bail to be required in any case, although the amount may not violate the federal or the state constitution. *See id.* art. 17.15 (Vernon Supp. 2000).

While the Code of Criminal Procedure does not define the term "personal bond," the term "obviously means" a defendant's personal "promise to pay a specified sum" plus necessary and reasonable expenses incurred in locating and arresting him or her, should the defendant "fail to appear as required." DIX & DAWSON, *supra*, § 16.35, at 703; *United States v. Stanley*, 469 F.2d 576, 579 n.4 (D.C. Cir. 1972); *see also* TEX. CODE CRIM. PROC. ANN. art. 17.03(a) (Vernon Supp. 2000) ("a magistrate may, in the magistrate's discretion, release the defendant on his personal bond without sureties or other security"); *id.* art. 17.04 ("A personal bond is sufficient if it includes the requisites of a bail bond . . . , except that no sureties are required."). *But see id.* art. 17.03(b) (limiting court's authority to release defendant on personal bond). If, on the recommendation of a personal bond office, *see id.* art. 17.42, § 1 (permitting county or judicial district to establish personal bond office "to gather and review information about an accused that may . . . [bear] on whether he will comply with the conditions of a personal bond and report its findings to the court"), a court releases a defendant on personal bond, the court must assess a personal bond fee of twenty dollars or three percent of the amount of bail fixed for the defendant, whichever is greater. *See id.* § 4. As a condition of release on personal bond, a magistrate may require a defendant to "submit to home curfew and electronic monitoring under the supervision of an agency designated by the magistrate." *Id.* art. 17.43(a). A court also may have inherent authority generally to impose other conditions that rationally relate to the purpose of securing the defendant's appearance before the court. *See Smith v. State*, 829 S.W.2d 885, 887 (Tex. App.–Houston [1st Dist.] 1992, pet. ref'd); DIX & DAWSON, *supra*, § 16.46; *cf. Dallas v. State*, 983 S.W.2d 276, 277 (Tex. Crim. App. 1998) (en banc) (stating that, absent contrary law, trial court has inherent power to impose conditions on bail pending appeal

that relate to purpose of assuring defendant's continued appearance); *Estrada v. State*, 594 S.W.2d 445, 446 (Tex. Crim. App. 1980) (quoting *United States v. Smith*, 444 F.2d 61, 62 (8th Cir. 1971) (per curiam), *cert. denied*, 405 U.S. 977 (1972)) (stating that, based upon article 44.04(c), Code of Criminal Procedure, and court's common-law power, court has inherent power to place restrictive conditions upon granting of bail pending appeal).

We conclude that a magistrate may not order a bailable defendant to satisfy a split bond. A personal bond is, by definition, incompatible with a bail bond. A defendant released on personal bond is released "without sureties or other security." TEX. CODE CRIM. PROC. art. 17.03(a) (Vernon Supp. 2000). By contrast, a defendant released on bail bond must secure the bond by sureties or with a deposit of cash. *Id.* art. 17.02 (Vernon 1977). A bail bond and a personal bond are distinguished by the fact that the former requires a cash deposit to secure the defendant's reappearance, while the latter does not. *See Stanley*, 469 F.2d at 579 n.4.

As you point out, a contrary construction would lead to numerous "troublesome issues":

> [W]ould there, in effect, be two bonds requiring two different bond forfeitures? Would the surety and the individual be considered co-sureties, raising issues of proportionate recovery and contribution? What if the surety wants off the bond–should a warrant go out for the defendant's arrest if the surety only secures a limited amount of the bond? Further, sureties are responsible for all necessary and reasonable expenses incurred in re-arresting the principal in the event he fails to appear. Should a surety be responsible for the full amount of the expenses if the surety is only responsible for a portion of the bond?

Request Letter, *supra*, at 3. Given these and other potential problems, we think it particularly wise to construe the language of article 17.01 to preclude the imposition of a split bond.

Having concluded that a court may not release a defendant upon satisfaction of a split bond, as you describe it, we do not reach your second question.

## S U M M A R Y

A court may not require a bailable defendant to satisfy a "split bond," where "a portion of the bond amount [is] designated a personal bond . . . and . . . the remaining portion of the bond amount [is] a secured bail bond backed by a surety."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee