**UNITED STATES of America**

v.

**Aileen SOTO RIVERA, Defendant.**

**Crim. No. 84–007 HL.**

United States District Court,
D. Puerto Rico.

March 1, 1984.

José Quiles, Asst. U.S. Atty., Hato Rey, P.R., and Lydia Masini, for the U.S.

José F. Aguayo, Hato Rey, P.R., and Stanley Feldstein, San Juan, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This case is before the Court on defendant's motion for reduction of bail, and on the Government's motion to disqualify court-appointed counsel for an alleged conflict of interest. A hearing on both matters was had on February 27 and 28, 1984.

## I.

## THE ALLEGED CONFLICT OF COURT–APPOINTED COUNSEL.

Defendant was arrested on January 10, 1984, and charged, together with three men, with the commission of bank robbery wherein the assistant bank manager was killed and the amount of $27,126.99 was taken. One of these three is still at large. Bail was set at one million dollars cash by the U.S. Magistrate for this defendant. A grand jury, on January 18, 1984, indicted all four defendants on two counts in violation of 18 U.S.C. sections 2 and 2113(d) and (e). Defendant then filed a motion for bail reduction before the Magistrate. Following a hearing bail was reduced to $100,000 in cash or surety. Unable to post bond or cash, defendant seeks to amend the Magistrate's order before this Court under Section 3147 of Title 18 of the Bail Reform Act, pertaining to appeal from conditions of release.[1]

---

1. For a detailed analysis of the procedure to be utilized in seeking District Court consideration after a Magistrate's bail order and its jurisdictional pitfalls, see *Shackleford v. U.S.*, 383 F.2d

As per the Magistrate's recommendation, the undersigned judge appointed Stanley L. Feldstein to represent defendant, who was formerly represented by Santiago Martínez, counsel for another defendant, Carlos Morales Vargas, who is married to defendant Aileen Soto Rivera.

■ The Government alleges that Feldstein is counsel for the Federal Deposit Insurance Corporation (FDIC), representing all interest of FDIC in Puerto Rico.[2] The argument is made that FDIC is one of the victims in this case because the bank involved, Banco Popular de Puerto Rico, is insured by the FDIC, a condition upon which this Court's jurisdiction is anchored. After asserting this premise, the Government concludes that "there is a clear conflict since counsel Feldstein will be and will have to choose between two loyalties; the interest of the FDIC or the interest of defendant Aileen Soto Rivera." Finally, the Government contends that if the appointment of said counsel is allowed to stand, defendant may allege substantial violations to her rights on the grounds of her counsel's alleged conflict of interest, should the outcome of the case be adverse to defendant's expectancies.

The Government's ingenious argument, without more, would be insufficient to support the allegations of conflict of interest. Contrary to the Government's allegations, we find that FDIC is not a victim nor a potential one in this case. The insurance provided by the Federal Deposit Insurance Act does not respond for funds lost through bank robberies. 12 U.S.C. § 1821. The insurance provided by the Act pertains to the deposits of the bank for the benefit of depositors and is payable only "whenever an insured bank ... shall have been closed on account of inability to meet the demands of its depositor...," 12 U.S.C. § 1821(f).

On the other hand, court-appointed counsel for defendant informed the Court that he is fully aware, as an officer of the Court, of the need to maintain the image of absolute fair and impartial proceedings; that he feels a duty to the Court to accept appointments to defend indigents in criminal matters when requested to do so, and submitted the matter for such disposition as the Court deemed appropriate.

To resolve this matter, which requires consideration of the rights of the defendant, the Court heard her testimony. She testified that attorney Feldstein made full disclosure of his representation of FDIC in civil matters and further informed her that she was free to reject his services on grounds of conflict or for any other reason. She confirmed, at that time, her desire to be represented by him. Nevertheless, at the hearing she expressed doubts upon learning of the Government's opposition. Whereupon, Feldstein moved for, and the Court accepted, his withdrawal as counsel for defendant. However, counsel was allowed to continue to represent defendant on the bail reduction matter in order to dispose of the matter expeditiously.

## II.

### THE BAIL ISSUE.

Defendant Aileen Soto Rivera, with three other defendants, was charged with bank robbery and with the killing of the assistant bank manager while committing the offense in violation of 18 U.S.C. §§ 2 and 2113(d) and (e). The offense is most serious and carries a maximum penalty of life imprisonment, a $10,000 fine, or both.

■ To provide the framework for our decision, it is appropriate to state at the outset that when reviewing a Magistrate's decision setting bail, the District Court does not operate under the reviewing provisions of the Magistrate's Act, 18 U.S.C. § 656, but rather under those of the Bail Reform Act, to amend conditions of release. 18 U.S.C. § 3147. *United States v.*

---

212 (D.C.Cir.1967); *U.S. v. Smith,* 87 F.R.D. 693 (E.D.Cal.1980).

**2.** Mr. Feldstein's law firm, the record shows, does not represent all the interests of FDIC in Puerto Rico, though it handles numerous civil cases representing FDIC before this Court.

*Smith,* 87 F.R.D. 693 (E.D.Cal.1980); *United States v. Birges,* 523 F.Supp. 468 (D.Nev.1981).

■ The Bail Reform Act, 18 U.S.C. § 3146(b), enumerates the factors to be considered in determining which conditions of release will reasonably assure the appearance of a defendant at trial on the basis of available information produced at the hearing. The Court must take into account (a) the nature and circumstances of the offense charged; (b) the weight of the evidence against the defendant; (c) the defendant's family ties; (d) the defendant's financial resources; (e) the defendant's character; (f) the defendant's mental condition; (g) the length of the defendant's residence in the community; (h) the defendant's record of convictions and, (i) the defendant's record of appearance at court proceedings or the flight to avoid prosecution or failure to appear at court proceedings. As stated in *United States v. Stanley,* 469 F.2d 576, 581 (D.C.Cir.1972):

> "Save for situations where the unlikelihood of flight or community danger is relatively plain, the judicial decision hangs on the availability and capability of conditions to reduce those risks to a level of reasonable safety. The Act directs that the determination be made on the basis of what the judge 'has reason to believe' and the process of deriving a belief one way or the other is ofttimes an exacting task. For 'reason to believe that' an imposition of conditions will or will not 'reasonably assure' against flight or dangerousness 'involves an attempt to predict future behavior on the basis of present information' and requires a close weighing of the probabilities in light of the relevant circumstances."

Consequently, evaluating the competing considerations is a task for the reviewing judge who has a broad discretion to amend the conditions imposed if the balance has been improperly struck. *Wood v. United States,* 391 F.2d 981 (D.C.Cir.1968).

### a. The Nature and Circumstances of the Offense Charged.

As noted before, defendant is charged with aiding and abetting a bank robbery where one person was murdered. The circumstances of the offense were particularly aggravated. The offense is punishable by life imprisonment. Special Agent Israel D. Escabí testified on behalf of the Government. His testimony established that on January 4, 1984, defendant Aileen Soto Rivera was seen and identified behind the wheel of a Ford station wagon stationed approximately three and a half miles from the Banco Popular de Puerto Rico, Quebradillas branch, on Route 2, Barrio Cocos, Quebradillas. Shortly thereafter, a Ford Granada carrying three men approached the station wagon. The occupants switched vehicles, and the vehicles headed east toward San Juan. Defendant resided in the Metropolitan area.

### b. The Weight of the Evidence Against the Defendant.

A fingerprint of defendant Aileen Soto Rivera was found in the Ford station wagon. Also, the key ring belonging to the assistant bank manager shot during the bank robbery, was found in the Ford Granada. A 9 mm cartridge was found on the floor of the Ford station wagon. The assistant manager was shot with a 9 mm bullet. An unregistered semi-automatic pistol was found at defendant's residence. There is no evidence before the Court at this time to indicate that the pistol found at defendant's residence was that used in the bank robbery.

### c. Defendant's family ties.

Defendant has lived all her life in Puerto Rico, with her parents, until she married codefendant Carlos Morales Vargas. She has had good relations with her parents and used to visit them two or three times per week. She has an older brother. Although her relationship with her brother is not as close as with her parents, she relates well to him. For the last five years, defendant lived with her husband in Urbani-

zación La Marina in Isla Verde, Carolina, Puerto Rico, where they own a house. She has a 22 month old child and her husband's daughter also lived with her. At present, the children are living with her parents at Jardines de Country Club in Carolina, Puerto Rico.

d. *Defendant's record of convictions.*

Defendant was once charged with breach of peace as a result of a neighbors' dispute. The charge was withdrawn.

e. *Defendant's financial resources and employment.*

■ Defendant was unemployed at the time of the alleged offense. She was once employed, from 1978 to 1981, as a head cashier in a commercial establishment at Plaza Las Américas. From defendant's motion for reduction of bail and from the testimony adduced at the bail hearing, the Court finds that among relatives and friends defendant has been made available properties for security that have a net appraised value of $90,057.00 and 70% of that amount is $63,039.90. Defendant asserts that she will be unable to post bond in any amount greater than $80,000. In this connection, it should be noted that the test for excessiveness is not whether defendant is financially capable of posting bail, but whether the amount of bail is reasonably calculated to assure the defendant's appearance at trial. *United States v. Wright,* 483 F.2d 1068 (4th Cir.1973).

f. *Evidence concerning flight to avoid prosecution.*

■ The thrust of the Bail Reform Act is that the court should use conditions of release in a flexible manner on a case by case basis. As in most situations, there are factors that militate against and for defendant in the case at bar. We are mindful, however, that there is a statutory presumption in pretrial bail proceeding that likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring. *United States v. Meinster,* 481 F.Supp. 1117 (S.D.Fla.1979).

Defendant's family ties tend to indicate that she would not flee. While relevant, this factor is not overly persuasive when it is recognized that defendant has never before faced charges as serious as here. However, the nature and circumstances of the offense charged would weigh the scales negatively against defendant. Defendant faces the most severe penalty of a life sentence. This factor may in and of itself, in this case, give rise to an inference that the defendant might flee. The weight of the evidence against the accused is heavy. Consequently, the Court finds that changing the nature of the bail in cash or surety, as set by Magistrate Arenas, will not assure the defendant's appearance. However, despite the need for a cash or surety, it appears that the amount of bail may be reduced and the appearance of the defendant, nevertheless, reasonably assured.

■ It is hereby ORDERED that the conditions of release for defendant AILEEN SOTO RIVERA are amended so that she shall be subject to release upon posting bail in the amount of $75,000, cash or surety. The following further conditions are imposed:

1. Defendant is to reside with her father in Jardines de Country Club in Carolina, Puerto Rico.

2. Defendant shall be in her father's home by 7:30 P.M. and not leave until at least 7:00 A.M. the next morning.

3. Defendant shall not leave this jurisdiction.

4. Defendant shall report to the Probation Office once a week.

5. Defendant shall turn in her passport, if any, to the Clerk of this Court and shall not apply for any other during the pendency of this case.

6. The defendant shall be advised of the penalties for non-appearance under 18 U.S.C. § 3150.

IT IS SO ORDERED.