**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**JOSE MANUEL LOPEZ TEXIDO, Defendant**

Crim. No. 117/1996

Territorial Court of the Virgin Islands

Div. of St. Croix

September 24, 1996

DARRYL DEAN DONOHUE, ESQ., (Assistant Attorney General, Department of Justice), Christiansted, St. Croix, U.S.V.I., *for Plaintiff*

MARTIAL A. WEBSTER, ESQ., (Law Office of Martial A. Webster), Kingshill, St. Croix, U.S.V.I., *for Defendant*

ROSS, *Judge*

### MEMORANDUM OPINION AND ORDER

THIS MATTER was heard on September 23, 1996 on defendant's renewed motion for release on bail. As grounds for his motion

defendant represented that sixty days had expired since the issuance of the detention order, that eight months will pass before the matter actually comes to trial, and that a third party custodian exists who owns property and is willing to post her property as bond for the defendant's release.

## FACTS

Defendant was arrested on March 26, 1996. Following his arrest, a detention hearing was held on April 2, 1996, and continued to April 3, 1996. At that hearing, Ms. Delia Brooks was presented as a third party custodian for the defendant. Ms. Brooks then declined to obligate her money or property to secure the defendant's release. At the end of the detention hearing, the court made findings that the defendant was charged with aggravated rape, kidnaping for rape and assault in the first degree, which carry maximum penalties of life imprisonment and fifteen years respectively. The victim, a five years old, was "randomly" abducted while walking home from a bus stop after school and taken to a secluded beach where she was vaginally and anally raped. The court found that conduct was brutal and demonstrated a depraved mind and a callous disregarded for human life, which required the court's intervention to protect other five year olds from a similar fate. The court further found that the weight of the evidence against the defendant was strong, that there existed a substantial probability that the defendant committed the offenses and posed a risk of flight, and that if the court were to release him prior to trial, he would pose a danger to the community of five year old students on their way home from school. Moreover, the court concluded that there was no conditions nor combination of conditions that will reasonably assure the defendant's appearance for trial. The defendant was thereby ordered detained on April 9, 1996 and jury selection and trial set for June 10, 1996.

Forty-three (43) days thereafter, on May 23, 1996, the trial was continued at defendant's request to August 26, 1996. On August 21, 1996, the trial was again continued at the request of the Government to November 18, 1996. From the date of the granting of the government's motion to continue to the date of the hearing on the defendant's bail motion, twenty-eight (28) days had expired. The

4

total of non-excludable days, exceeds sixty (60) since the issuance of the detention order.

## DISCUSSION

■ Title 5 § 3504(a)(d)(2) of the Virgin Islands Code specifies that a person detained without bail, upon the expiration of sixty (60) calendar days from the date of issuance of an order of detention, shall be treated in accordance with the rules of criminal procedure for release on bail. Territorial Court Rule 141 recognizes defendant's right to bail and directs that the judge shall be guided by the Bail Reform Act of 1984, codified at 18 U.S.C.A. §§ 3141 *et seq.* in determining the conditions of release.

■ The Bail Reform Act requires the court to engage in a two-step inquiry before ordering a defendant released or detained pending trial. First, the court must make a finding as to whether the defendant presents a risk of flight if not detained and, if so, must then determine whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released. The burden is on the government to show the absence of such conditions by a preponderance of evidence. *United States v. Shakur*, 817 F.2d 189, (C.A. 2 (N.Y.) 1987.

■ There is no absolute right to release on bail prior to or during trial. *United States v. Smith*, 444 F.2d 61, (C.A. 8, 1971). The primary purpose of bail is to allow an accused person not yet tried to be free of restraint while at the same time insuring that person's presence at the pending court's proceedings. *Id. See also: United States v. Kenney*, 603 F. Supp. 936, (D.C. Me. 1985). Pretrial detention provided for in the Bail Reform Act was intended to prevent flight and to protect the safety of the community. *United States v. Botero*, 604 F. Supp. 1028, (D.C.Fla. 1985). The focus therefore is not whether the defendant is financially capable of posting bail, but whether the amount of bail is reasonably calculated to assure his appearance for trial. *United States v. Borrows*, 486 F.2d 124 (1972). *See also: United States v. Wright*, 483 F.2d 1068 (C.A. Md. 1973); *United States v. Soto-Rivera*, 581 F. Supp. 561 (D.C. Puerto Rico 1984). However, bail may be denied a defendant when there is no

combination of workable conditions of release that will reasonably assure defendant's appearance at trial. *United States v. Kosta-Dinov*, 572 F. Supp 1547 (D.C.N.Y. 1983), affirmed 721 F.2d 411, Cert. Denied 105 S. Ct. 246. A lack of reasonable assurance of either appearance or safety of others or the community is sufficient for pretrial detention to be imposed. Both is not required. *United States v. Rueben*, 974 F.2d 580 (C.A. 5, Tex. 1992).

At the latest hearing, the defendant again presented Ms. Delia Brooks, as a possible third party custodian. Ms. Brooks testified that she owns property valued at approximately $160,000.00 which she is willing to post to assure the defendant's release, and that she currently works, but is willing to resign from her position to ensure his compliance with any conditions the court may impose. The Government countered that the court previously considered Ms. Brooks as a third party custodian for the defendant, that she is unsatisfactory as a third party custodian as she suffered from diabetes and fainting spells, and is the girlfriend of the defendant and therefore may be unwilling to report any violations to the court.

The government argued further that the charges against the defendant in Alaska were minor and that the defendant fled from that jurisdiction before trial of the matter, that he is known to have used several aliases and lived in different countries, and that the crime here is extremely brutal and the charges herein are serious. It is therefore very likely that if released on bail he will leave the island to escape trial. The Defendant in response argued that he did not leave Alaska to escape prosecution, but rather to relocate to the Virgin Islands and that no actions were pending against him upon his departure and that he has been a residence of this island for more than three years with no intention of leaving.

The purpose of bail in non-capital cases is to ensure defendant's personal appearance at court proceedings *United States v. Erwing*, 268 F. Supp. 879, (D.C. Cal. 1967), and there exists a presumption in pre-trial bail proceedings that the likelihood of flight increases with the severity of the charge, the strength of the government's case, and the penalty which conviction could bring. *See: United States v. Meinster*, 481 F. Supp. 1117 (D.C. Fla.); *See also: United States v. Soto-Rivera*, 581 F. Supp. 561 (D.C. Puerto Rico 1984).

The court finds that although Ms. Brooks exhibited a change of heart regarding her willingness to post her property as bond for the defendant's release, no other person has come forward to act as a third party custodian and the defendant has no assets of his own. Additionally, the court finds that based on the defendant's lack of ties with this community and history of flight, permitting a third party to obligate property would not assure his appearance at trial, for the defendant risks losing nothing. His contact with persons in the community other than Ms. Brooks is not sufficiently strong to deter him from flight. Further, the court finds that there exists substantial evidence of the crimes against the defendant, he has been known to have used several aliases and that he did leave the State of Alaska during the pendency of a judicial proceeding against him which prompted the issuance of an arrest warrant in November 1993, and there is still no evidence presented that will eliminate the threat to the safety of the community's school-aged children.

In conclusion, the court stresses that no finding in this pre-trial hearing is to be construed as modifying or limiting the presumption of innocence, and finds that the seriousness of the crime with which the defendant is charged, the likelihood of a finding of guilt, combined with his previous flight from the State of Alaska during the pendency of a judicial proceeding, his use of aliases, lack of ties to this community and the continued danger which he may pose to this community's school aged children, all lead the court to conclude once again that there exists no condition or combination of conditions that may be set by the court today that would reasonably assure the defendant's appearance for trial on November 18, 1996 nor will assure the safety of the community's school-aged children. The detention order of April 9, 1996 therefore remains in full force and effect. ACCORDINGLY, it is hereby

ORDERED that defendant's motion for bail is DENIED;

ORDERED that the defendant shall remain in the custody of the Bureau of Corrections pending trial;

ORDERED that the defendant shall be afforded reasonable opportunities for private consultation with his counsel; and it is further

ORDERED that jury selection and trial of this matter remain scheduled for November 18, 1996.

DATED this 24th day of September, 1996.