

**FILED**
May 17, 2022 04:26 PM
ST-2021-CR-00380
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

PEOPLE OF THE VIRGIN ISLANDS,  )
                                              )
           Plaintiff,          )
          v.                   )      CASE NO. ST-21-CR-380
                                                )
MICAIAH COZIER,                )
                                              )      Cite as 2022 VI Super 53U
          Defendant.        )
_____)

## <u>MEMORANDUM OPINION</u>

¶1    **THIS MATTER** is before the Court on Defendant, Micaiah Cozier's, "Motion for Reduction of Bail and Modification Conditions of Release" filed on December 20, 2021. Defendant filed a subsequent motion on February 10, 2022, asking the Court to deem his previous motion as conceded due to lack of opposition. The People of the Virgin Islands ("the People") then filed their Opposition on February 11, 2022. The Court held a hearing via Zoom on May 13, 2022. For the following reasons, the Court will deny Defendant's motion.

¶2    The People allege that on the morning of December 4, 2021, a black Honda Odyssey van entered Havensight Shopping Center and parked across Glitters Jewelry store in St. Thomas, U.S. Virgin Islands. At approximately 11:00 a.m., three (3) men wearing all black exited the van and ran into the jewelry store. Two (2) of the men carried guns and one (1) carried an empty bag. One of the patrons attempted to flee but was dragged back into the store against her will by one of the gunmen. One of the gunmen shouted, "get on the floor," and fired several rounds from an automatic weapon. The men stole approximately eighteen thousand dollars ($18,000) worth of jewelry, including a "gold byzantine necklace" and "Gucci earrings." Approximately one (1) minute later, the three males vacated the store and ran into the van. Before entering the van, one

of the gunmen turned and discharged several rounds in the storefront's direction. The security officer was shot in the stomach and taken to Roy Lester Schneider Hospital. The other victim, the woman who was dragged back into the store moments earlier by the gunman, was shot in the shoulder, and subsequently transported to Roy Lester Schneider Hospital. The gunshot wound fractured her bone and caused damage to her lungs. She was placed in a medically induced coma and subsequently passed away on January 2, 2022.

¶3     Virgin Islands police officers were immediately dispatched to Glitters Jewelry where, upon arrival, they interviewed multiple witnesses and collected spent casings as part of their investigation. Eyewitnesses recalled the events of that morning and described the suspects and the van to the officers. It was said that the suspects headed east, traveling towards Frenchman's Bay. While conducting their investigation of the area, officers discovered an empty van in the driveway of an abandoned building in Frenchman's Bay with the engine running that matched the description of the black Honda Odyssey involved in the robbery. Investigators determined the van was reported stolen on November 24, 2021. The investigation also shows another getaway car, registered to a co-defendant's mother, was stationed in Frenchman's Bay and used in the escape.

¶4     On December 15, 2021, officers interviewed a witness who claimed he observed four men and identified the four men by name, including the Defendant. Upon reviewing the surveillance video, the witness identified the Defendant as the man in the passenger seat of the vehicle fleeing Frenchman's Bay and as one of the gunmen present during the robbery. The witness further identified one of the perpetrators by his sneakers, black vest, and in the manner which he ran.

¶5     On December 16, 2021, Defendant was brought in for questioning. Officers presented Defendant with the evidence gathered as part of their investigation, but Defendant denied any association with the robbery. Nevertheless, officers advised Defendant of his constitutional rights,

charged, and remanded Defendant to the Bureau of Corrections. On December 17, 2021, the

Magistrate Judge set bail at five hundred thousand dollars ($500,000). On December 20, 2021,

Defendant filed his motion to modify bail requesting bail be reduced to seventy-five thousand

dollars ($75,000) with a ten percent (10%) provision, thereby posting seven thousand, five hundred

dollars ($7,500) and an unsecured bond of sixty-seven thousand, five hundred dollars ($67,500).

Also, land valued at one hundred seventy-six thousand dollars ($176,000).

## I.    STANDARD OF REVIEW

¶6        In the Virgin Islands, Section 3 of the Revised Organic Act of 1954—the *de facto*

constitution of the Virgin Islands—guarantees that "[a]ll persons shall be bailable by sufficient

sureties in the case of criminal offenses, except for first degree murder or any capital offense when

the proof is evident or the presumption great." 48 U.S.C. § 1561; 5 V.I.C. §3504a. Even in the

limited circumstances of first-degree murder or capital offenses, "pretrial detention is only

authorized if the proof of guilt is evident or the presumption thereof is great." *Davis v. People*,

2022 WL 987095 *2 (V.I. 2022). Bail is further governed by V.I.R. CRIM. P. 5-1, which states,

"[t]he court shall impose the least restrictive . . . non-exhaustive range of conditions of release that

will reasonably protect the community from risk of physical harm to persons, assure the presence

of the accused at trial, or assure the integrity of the judicial process[.]" The Court must make an

individualized determination to ensure that bail is not excessive and tailor the bail, or conditions

of release, to achieve that purpose. *Rieara v. People of the V.I.*, 57 V.I. 659, 667 (2012). Bail and

pretrial release are not implemented to punish the defendant—who is presumed innocent—but to

assure the presence of the defendant for trial under conditions that reasonably protect the

community. *Moran v. People of the V.I.*, 2022 WL 1055922 *5.

## II.    ANALYSIS

¶7    The primary purpose of bail is to allow the defendant to utilize their constitutional right to liberty while ensuring the defendant appears in court and does not undermine the integrity of the judicial process. *Gov't of the V.I. v. Texido*, 35 V.I. 3, 5 (Super. Ct. 1996) (citing *United States v. Smith*, 444 F.2d 61 (8th Cir. 1971). The Bail Reform Act requires the Court to determine whether the set bail "reasonably assure[s] the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C.S. § 3142(c). [.]" Additionally, section 3142 provides several factors to weigh when determining the pretrial release of an individual. The Court considers: whether the defendant is a danger to the community; whether the defendant is a flight risk; the defendant's ties to the community; the nature of defendant's offense; the criminal history of the defendant, and the defendant's employment status. *See* Bail Reform Act, 18 U.S.C.A. § 3142(b); *see also* V.I.R. CRIM. P. 5-1(b). When determining the sufficiency of setting bail and the conditions imposed to assure a defendant's appearance, the Court evaluates whether the defendant presents a "flight risk" or "danger to the community." *See Tobal v. People of the V.I.*, 51 V.I. 147, 161 (V.I. 2009). However, "a judge may not deny bail completely upon finding that the Defendant presents a flight risk or a danger to the community." *Davis, at *2*.

### a.  Risk of Flight

¶8    The defendant's risk of flight from the jurisdiction is a paramount consideration when deciding the adequacy of bail. *See People of the V.I. v. Rionda*, 74 V.I. 258, 267 (Super. Ct. 2021). The Court assesses whether a defendant is a flight risk by examining a number of factors including: "the potential length of the defendant's sentence if convicted, prior use of false identities or deceptive means by which the defendant may evade government detection if attempting to flee, the risk of retaliation from others which incentivizes the defendant to flee, the defendant's

4

citizenship status, the defendant's employment status, the defendant's history of travel, the defendant's ties to the jurisdiction, and whether the defendant has considerable contacts or ties to family members outside of jurisdiction." *Id.* at 267-68.

¶9      Defendant Cozier is charged with murder in the first degree, which, if convicted, carries a potential sentence of "natural life without parole." *See* 14 V.I.C. § 923. In his motion, Defendant states he "is and always has been" a resident of the U.S. Virgin Islands and emphasizes all three of his parents, his mother, father, and stepfather, reside and work in the territory. Def.'s Mot. at 1. Notably, his mother and stepfather have a place of business, the House of Pastries and Deli located on St. Thomas, showing a significant tie to the territory. *Id.* at 2. Defendant requests that he be released to the third-party custody of his parents to reside with his father, Mr. Cozier, subjected to 24-hour house arrest with the use of electronic GPS monitoring, but allowed to travel daily Monday through Saturday to his mother and stepfather's place of business between the hours of 6:00 a.m. and 6:00 p.m. *Id.* At the hearing, Defendant's mother, Falana Gardiner-Roberts, testified Defendant would stay with her at the bakery from the morning until midday when he returns home with her, until his father picks him up in the afternoon. In their Opposition, the People argue that Defendant is a flight risk solely because he faces "life in prison" if convicted at trial. Opp'n at 4. The record, thus far, is silent regarding the other factors, specifically whether Defendant has any aliases, significant ties to others outside of this jurisdiction, and frequent travel history outside the territory.

¶10     Technological advances have allowed this Court to routinely use electronic monitoring as a less restrictive means than incarceration to ensure defendants appear. *See People v. Berthier,* 2021 WL 3293569 *3 (V.I. Super Ct. 2021). Although uncommon, breaches of electronic monitoring occur therefore there is no guarantee that these electronic devices will ensure the

defendants remain within their confined areas. The nature of the circumstances and charges against the Defendant, and most notably the allegation that the crime occurred in a busy shopping center in broad daylight, places the community at risk if Defendant breaches the monitor. Additionally, Defendant faces a life sentence and heavy sentences for the other felonies, which pose a tremendous incentive to flee. Given the gravity of the charges against Defendant and the potential sentences he faces, 24-hour house arrest with electronic GPS monitoring in tandem with being released into the custody of his parents with daily commute to and from the business is insufficient to ensure the Defendant's appearance. Accordingly, the Court finds the Defendant is a flight risk.

### b. Danger to the Community

¶11 Determining the adequacy of bail is also dependent on whether a defendant is a danger to the community. *See People of the V.I. v. Ford*, 49 V.I. 270, 282 (Super. Ct. 2008). The Court evaluates whether a defendant is a danger to the community by considering factors such as: the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

¶12 As it stands, Defendant is charged with murder in the first degree and twenty-seven (27) related counts including: attempted murder, assault in the first degree, use of a firearm during the commission of crimes of violence, robbery in the first degree, grand larceny, reckless endangerment in the first degree, kidnapping, conspiracy, and similarly related offenses. In his motion, Defendant underlines the absence of prior arrests or convictions but nothing further. The People counter, arguing that "the shocking nature of [Defendant's] crimes . . . overwhelms his lack of criminal history in rendering him a danger to the community." Opp'n at 4.

¶13 The Court agrees with the People. The nature and circumstances of charges against Defendant are extremely serious and these crimes derive from unprovoked, deliberate, reckless acts of violence. The People allege Defendant, alongside his co-conspirators, coordinated over several weeks and executed an armed robbery which left one person injured and another dead. Furthermore, Defendant was captured on surveillance footage after the robbery and identified by a witness as seated in the passenger seat of a Toyota Corolla, the second vehicle used to escape. Defendant's argument that the Court should afford him leniency because of his bare criminal record is unpersuasive. Having no prior known criminal history, by itself, does not warrant an unreasonably low bail given the danger that befell unsuspecting patrons, the risk of flight, Defendant's limited ties to the community, and the danger to the community. Even at this preliminary stage of the proceedings, the evidence weighs heavily against Defendant. Surveillance footage placing the Defendant at the scene, identification by a confederate, and identification by an eyewitness who is familiar with the Defendant as one of the gunmen is strong. The evidence further suggests Cozier possessed the automatic rifle. Accordingly, the Court finds the Defendant a danger to the community.

### c. Reasonableness of Bail

¶14 Bail is reasonable only when it is specifically tailored to ensure the defendant's attendance at all phases of trial while enabling the least restrictive means to achieve that purpose. *See Rionda*, 74 V.I. at 273; *see also People of the V.I. v. George*, No. ST-2016-CR-0000085, 2016 V.I. LEXIS 152, at *9 (Super. Ct. Sep. 27, 2016). The Supreme Court of the Virgin Islands has reiterated time and again that it is not sufficient for the Court to conclude that a defendant is a flight risk or danger to the community—the Court must also "adequately explain" how those findings relate to the amount of bail ordered. See *Davis*, at *3; *see also Moran*, at *5. Bail is currently set at five hundred

7

thousand dollars ($500,000) with no provision for reduction. Defendant requests he be released from custody with bail reduced to seventy-five thousand dollars ($75,000) with a posting of seven thousand, five hundred dollars ($7,500) and an unsecured balance of sixty-seven thousand, five hundred dollars ($67,500) with third party custodians. Def.'s Mot. at 2. Defendant also requests the posting of land located at Parcel No. 14A Remainder Estate Mandahl, No. 1 Greatside Quarter, St. Thomas, valued at one hundred seventy-six thousand dollars ($176,000). Additionally, as stated *supra*, Defendant's parents are all willing to serve as third-party custodians where Defendant will be supervised at his mother's business during work hours and then reside with his father at all other times; and submission to twenty-four (24) hour house arrest with use of an electronic GPS monitor. Def.'s Mot. at 2.

¶15 A defendant's indigence is a relevant consideration when determining the reasonableness of bail, but the Court is not precluded from imposing bail that is beyond a defendant's means. *Davis*, at *2. Here, the Court finds the current bail set to be adequate for two reasons. First, some courts reason pending charges are not determinative of whether a defendant is a danger to the community because a defendant "is presumed to be innocent of those charges" until he is tried and convicted. *See People v. Simmonds*, 48 V.I. 320, 328 (Super. Ct. 2007). This Court, however, disagrees as it believes the characteristics of the offenses demonstrate Defendant intentionally committed egregious acts with the intent to harm others. Defendant was the only adult in the criminal operation. Defendant should be able to appreciate the natural and legal consequences of himself or any other co-Defendant discharging a firearm upon another person. Despite the parents' efforts and ties to this community, nothing has been presented to demonstrate Defendant's ties. Defendant argues his parents are not willing to abandon their homes. *See* Def.'s Mot. at 2. That argument does not speak directly to the Defendant as there is neither a record of Defendant's

8

employment nor financial ties nor any vested interest in this community to ensure his appearance at scheduled proceedings.

¶16    Second, courts in this jurisdiction have upheld bail set at five hundred thousand dollars ($500,000) for similar crimes. *See e.g., People of the V.I. v. Rodriguez*, No. SX-17-CR-145, 2018 V.I. LEXIS 5, at *1 (Super. Ct. Jan. 16, 2018) (Court finds $500,000 bail not excessive for a defendant charged with rape in the first degree); *People of the V.I. v. Powell*, No. ST-2013-SFL-0000005, 2014 V.I. LEXIS 17, at *13 (Super. Ct. Mar. 24, 2014) (Court reduced the bail amount from $1,000,000 to $500,000 for a defendant charged with murder in the first degree); *People v. Dowdye*, 48 V.I. 45, 50 (Super. Ct. 2006) (Defendant charged with murder in the first degree had bail set at $500,000). Thus, when considering the weight of the evidence, the nature of the charges, lack of employment, and limited ties, five hundred thousand dollars ($500,000) is appropriate.

¶17    "When the court resolves a motion to modify bail and release conditions, it must make an individualized determination in order to ensure that the bail is not excessive." *Davis*, at *2 (quoting *Rieara*, at 667). The Court must "adequately explain" how its findings relate to the amount of bail ordered. *Id.* at *3. The nature of the charges brought against Cozier shows the apparent lack of regard for the safety of the community. The broad daylight robbery at a shopping center during the holiday season among innocent people resulted in not only theft, but what appears to be a randomized killing of a woman and injury of a man. The People allege the Defendant was the "ringleader" of the operation and planning for this occurred for about a month prior to the event, while the Defendant was residing with his father. Accordingly, the Defendant has not provided a sufficient basis to justify the reduction in bail.

¶18    The Defendant is bailable, but the Court believes upholding the bail set at five hundred thousand dollars ($500,000) coupled with the other conditions is the least restrictive set of

conditions and appropriate. The Court will consider a combination of cash and property or properties with a minimum value of five hundred thousand dollars ($500,000) as it upholds the remaining conditions of his release which include: surrendering all travel documents possessed, not obtaining any official documentation while released, not contacting victims or witnesses in this case, not violating any local or federal laws, remaining in regular contact with his attorney, and appearing in Court for each scheduled appearance date. For these reasons, the Court finds the current bail amount befitting for the circumstances of this case.

## III.    CONCLUSION

¶19     The Court believes five hundred thousand dollars ($500,000) is sufficient bail to dissuade Defendant from fleeing the jurisdiction and presenting a further danger to the community. For the aforementioned reasons the Court will deny Defendant's motion for reduction of bail and modification conditions of release. An Order of even date follows.

Dated: May \_\_17\_\_, 2022

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor 5 / 17 / 2022

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

PEOPLE OF THE VIRGIN ISLANDS,      )
                                      )
           Plaintiff,            )
         v.                         )      CASE NO. ST-21-CR-380
                                        )
MICAIAH COZIER,                   )
                                      )      Cite as 2022 VI Super 53U
           Defendant.         )
_____ )

## ORDER

**THIS MATTER** is before the Court upon Defendant's "Motion for Reduction of Bail and Modification Conditions of Release" filed on December 20, 2021. The People of the Virgin Islands ("the People") filed their Opposition on February 11, 2022. The premises considered and the Court being satisfied herein, it is hereby

**ORDERED** that Defendant's "Motion for Reduction of Bail and Modification Conditions of Release" is **DENIED**; and it is further

**ORDERED** that Defendant shall be released upon posting a bond of five hundred thousand dollars ($500,000) by posting real property, cash, or a combination thereof; and it is further

**ORDERED** that Defendant shall abide by the remaining conditions of release; and it is further

**ORDERED** that copies of this Order shall be directed to Assistant Attorney Anna B. Scott, Esquire, Nicole-Lynn King-Richardson, Esquire, the Office of the V.I. Marshal, and the Office of Probation.

Dated: May __17__, 2022

                                            **Renée Gumbs Carty**
                                            Judge of the Superior Court
                                            of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Latoya Camacho
    Court Clerk Supervisor 5/17/2022